# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD MONIRUL ISLAM CHOWDHURY

Write the full name of each plaintiff.

\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

Department of Housing Preservation and Development, NYC

Do you want a jury trial?

☒ Yes  ☐ No

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

2024 JAN -9 PM 12:44  RECEIVED PRO SE OFFICE

# EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Mohammad | M | Islam Chowdhury |
|---|---|---|
| First Name | Middle Initial | Last Name |

90-10, 149TH Street, Apartment 5O
Street Address

| Jamaica | NY | 11435 |
|---|---|---|
| County, City | State | Zip Code |

| 3476344387 | michow62@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:
Department of Housing Preservation and Development, NYC
Name
100 Gold Street
Address where defendant may be served

| New York NY | NY | 10038 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:
Anna Vaysman, acting Assistant Commissioner, HR
Name
100 Gold Street
Address where defendant may be served

| New York NY | NY | 10038 |
|---|---|---|
| County, City | State | Zip Code |

Page 2

Defendant 3:

| Jesse Laufer, Trainer at HPD Office of Enforcement and Neighborhood Services | | |
|---|---|---|
| Name | | |
| 100 Gold St. | | |
| Address where defendant may be served | | |
| New York, NY | NY | 10038 |
| County, City | State | Zip Code |

## II.  PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**Department of Housing Preservation and Development, NYC**

Name

**100 Gold Street**

Address

| New York NY | Ny | 10038 |
|---|---|---|
| County, City | State | Zip Code |

## III.  CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964,** 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☒ religion: ____ISLAM____

☐ sex: _____

☐ national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____poliomyelitis_____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

B. **Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

First Amendment (retaliation)

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☒ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.
(Please see the attachment)

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

x

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?  December 5, 2021

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?  October 11, 2023

When did you receive the Notice?  _____

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☒ direct the defendant to re-employ me

☐ direct the defendant to promote me

☒ direct the defendant to reasonably accommodate my religion

☒ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

pay compensatory damages including damages for

emotional distress, humiliation, pain and suffering,

and injury to professional standing and reputation;

pay lost wages

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 11/18/2023 | | *[signature]* |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Mohammad | M | Islam Chowdhury |
| First Name | Middle Initial | Last Name |
| 90-10, 149Th Street, Apartment 5O | | |
| Street Address | | |
| Jamaica | NY | 11435 |
| County, City | State | Zip Code |
| 3476344387 | | michow62gmail.com |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☒ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

IV.   STATEMENT OF CLAIM
B.    FACTS

I am Mohammad Monirul Islam Chowdhury and I am fifty seven years old.[1] Originally from Bangladesh, I went to college and received my Bachelor's and Master's degrees from the Bangladesh Agricultural University. For over a decade, I was a professor in the Department of Agriculture Engineering at the Patuakhali Science and Technology University in Bangladesh. After immigrating to the United States, I worked in a soil and concrete laboratory then gained experience in asbestos investigation and inspection.

I have been a practicing Muslim my entire life and pray regularly throughout my day as part of my religious duties. These duties include jum'ah, or attending weekly group prayer services led by an imam at a mosque on Fridays. Unlike other prayers, those on Fridays must be in congregation according to the teachings of Islam. Also, the Quran states that followers must "leave trade" to attend jum'ah, so many Muslims in the United States use a lunch break or work half-day Fridays to be able to meet their religious duties. I felt that I would be able to continue my practices of praying alone and attending required Friday services during my lunch break in any employment opportunity. At my prior job, I had attended Friday prayers during my lunch break, sometimes returning to work late, with no interference or concern from my employer.

I also have poliomyelitis complexities in my right leg; my right leg is shorter than my left by more than four inches. This requires me to use a special type of long shoe for my leg condition. I generally walk slower and move about differently than others. My condition has never been an issue with previous employers. For example, I worked as an asbestos inspector and investigator for over three years. This job involved physically inspecting sites for possible asbestos, taking photographs of asbestos areas, and other physical labor on top of my analytical abilities. Despite my trouble walking, I was able to excel at my job.

After attending a job fair for the NYC Department of Housing Preservation and Development ("HPD" or "Department"), the Department reviewed my submitted resume and later interviewed me online. I was offered the position of Housing Inspector at the Department, starting on May 24, 2021. This was to start a training period of 23 business days, ending June 25, 2021, for the job; the position requires this training because it involves performing technical work in the inspection of dwellings and other structures to enforce the city laws that govern occupancy, safety, and sanitary conditions.

Every day with HPD, I reported to my job training in the morning. Monday through Thursday, I would use my lunch break to pray alone in accordance with my religious duties and would promptly return from lunch on time to attend more training. To attend Friday mosque prayers, I planned to walk ten minutes to the mosque to pray with other Muslims following an imam and return; I would use my lunch period to do so. Not only would I be sacrificing my break to attend required religious services without burdening my employer, but I also would rush to return despite my poliomyelitis which makes it difficult to walk. I did not inform my employer of my individual or group prayer responsibilities because I did not want to be treated differently in the workplace.

---

[1] This document was prepared with assistance of the NYLAG Legal Clinic for Pro Se Litigants in the SDNY.

On Friday May 28, 2021, I was late coming back after lunch because the imam took about 20 minutes more to lead the Friday prayer. I had watched other people arrive at training and return from lunch late, and the only response from supervisors was to ask the late individual to write their name and the amount of time they were late on the board. So, when I arrived at work, I apologized to my supervisor, Mr. Jesse Laufer, and informed him that I was late because of my religious duty to attend group Friday prayers. I expected him to simply ask me to write on the board. However, Mr. Laufer became angry and reprimanded me to not be late in the future; he did not instruct me to write on the board.

After my tardiness incident, Mr. Laufer also singled me out for my poliomyelitis. The special shoe I use for my right leg is uncomfortable. When sitting in the classroom for training for long periods, I sometimes take off the shoe for relief. One day, Mr. Laufer in front of my training cohort told me to put my shoe on. I did so because I was afraid to lose my job.

After a few more days, on June 3, 2021, Mr. Zenzile Vialva, an Assistant Commissioner at HPD, came and delivered a lecture about the "Office of Diversity, Equity, and Inclusion/EEO." I joined the lecture with the other employees as this was a required lecture for the training to become a HPD inspector. After the training, I talked to Mr. Vialva about the issue of my Friday prayer from the previous week because I was worried due to Mr. Laufer's response that I would not be allowed to go to pray in the future. Mr. Vialva took me outside the classroom and told me that if I am not allowed to pray, I should complain at the phone number in the book that he gave to me.

Mr. Laufer was sitting in the classroom during the lecture and after I spoke with Mr. Vialva, he asked me "Did you complain about your prayer time?" This made me uncomfortable, so I answered that I just discussed it with him. Mr. Laufer expressed astonishment and instructed me to not complain. I became very nervous due to Mr. Laufer's response. Mr. Laufer then called a lady, another supervisor, and she promptly came into the classroom. In front of all of the other HPD trainees, at least 10 other people, they talked about me in a humiliating manner, saying that I had complained to Mr. Vialva about my prayer time. Although I did not understand all that they said at the time, I felt embarrassed in front of my coworkers and was worried about my future at HPD.

I continued to attend training after this incident. I also kept my daily individual prayer and attended my weekly Friday prayers at the mosque, careful to return on time at the end of my lunch break. My worries from June 3, however, were later corroborated: On June 23rd, 2021, two days before the end of my training period, I received a call from someone telling me that I am terminated effective immediately. She emailed me the termination letter that same day, informing me that I "fail[ed] probation." I had never been informed prior to termination that my position at HPD was probationary. I felt that this was wrongful and discriminatory, so on December 5, 2021, I filed a complaint, number 520 2022 02139, with the EEOC. I received a Notice of Right to Sue from the Department of Justice on October 11, 2023.

IV. STATEMENT OF CLAIM
B. FACTS

Attachments to the Facts Section

1. Appointment Email from HPD
2. Termination Letter from HPD
3. Right to Sue Letter from the Department of Justice Civil Rights Division.

# Reporting Instructions: GROUP A - Inspector Class May 24th, 2021

Inbox
Search for all messages with label Inbox
Remove label Inbox from this conversation.

**Balan, Gregory (HPD) <BalanG@hpd.nyc.gov>**                    May 19, 2021,
                                                                12:09 PM

to Phil, Jesse, Elaine, Louise, Yolanda, Teresa

Good afternoon,

Please report to 100 Gold Street, New York, NY 10038 on **_Monday, May 24th, 2021 at 8:00 am_**, to commence your new position as a Housing Inspector. Please note you will be required to answer COVID-19 screening questions upon entering the building, and masks covering the nose and mouth are required at all times.

This training class has been split into two groups, Group A and B. Your Group, **Group A**, will report to Room 8F14 on the 8th Floor. Please report to security in the building lobby and wait downstairs until security advises you that you may go upstairs. HPD staff will be waiting for you by the elevators on the 8th Floor – if no one is there, please wait and someone will assist you shortly.

If you have any questions, please feel free to contact anyone from the Personnel Department below.

*\*Please acknowledge/confirm receipt of this email.*

We wish you the best of luck in your new position!

| Teresa Burrell-Washington  |  ENS Personnel Liaison<br>**Office of Enforcement and Neighborhood Services**<br>NYC Department of Housing Preservation & Development<br>100 Gold St | New York, NY 10038<br>washinte@hpd.nyc.gov | Desk: 212-863-7328 | Gregory Balan  |  **ENS Personnel Liaison**<br>**Office of Enforcement and Neighborhood Services**<br>NYC Department of Housing Preservation & Development<br>100 Gold St | New York, NY 10038<br>Balang@hpd.nyc.gov | Desk: 212-863-8672 |
|---|---|



| | LOUISE CARROLL | Division of Human Resources |
|---|---|---|
| | Commissioner | 100 Gold Street |
| **Department of** | BAABA HALM | New York, N.Y. 10038 |
| **Housing Preservation** | Executive Deputy Commissioner | |
| **& Development** | of Operations | |
| nyc.gov/hpd | ANNA VAYSMAN | |
| | Acting Assistant Commissioner | |

June 23, 2021

Mohammad Chowdhury
143-13 Hillside Ave
Jamaica, NY 11435

Dear Mr. Chowdhury,

Due to failing probation for the title of Inspector (Inspector Housing), this department is terminating your provisional employment with the NYC Department of HousingPreservation &Development.

Your termination is effective Wednesday, June 23, 2021 at the close of the business day. You will be compensated for any accrued annual and/or compensatory leave balances.

Should you have questions related to your time or paycheck, you should contact Human Resources at (212) 863-6710.

We wish you success in your future endeavors.

Best,

Anna Vaysman
Acting Assistant Commissioner, Human Resources

Printed on paper containing 30% post-consumer material.



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

October 11, 2023

Mr. Mohammad M. Islam Chowdhury
143-13 Hillside Ave., 3rd FL
Jamaica, NY 11435

Re: EEOC Charge Against New York City Dept. of Housing Preservation & Development, et al.
No. 520202202139

Dear Mr. Islam Chowdhury:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                         Sincerely,

                         Kristen Clarke
                         Assistant Attorney General
                         Civil Rights Division

               by     /s/ Karen L. Ferguson
                        Karen L. Ferguson
               Supervisory Civil Rights Analyst
                Employment Litigation Section

cc: New York District Office, EEOC

New York City Dept. of Housing Preservation & Development, et al.