UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHAMMAD MONIRUL ISLAM CHOWDHURY,

Plaintiff,

-against-

DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, NYC; ANNA VAYSMAN; JESSE LAUFER,

Defendants.

24-CV-0182 (ER)

ORDER OF SERVICE

---

EDGARDO RAMOS, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, the First Amendment to the United States Constitution, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. He alleges that his employer discriminated against him based on his religion and disability. By order dated January 16, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants New York City's Department of Housing Preservation & Development ("HPD"), Anna Vaysman, and Jesse Laufer through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to (1) issue summonses for Defendants HPD, Vaysman, and Laufer; (2) complete the USM-285 forms with the addresses for these Defendants; (3) deliver all documents necessary to effect service to the U.S. Marshals Service; and (4) mail Plaintiff an information package.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[2]

SO ORDERED.

Dated: January 25, 2024
New York, New York

EDGARDO RAMOS
United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City Department of Housing Preservation & Development
   100 Gold Street
   New York, NY 10038

2. Anna Vaysman, Acting Assistant Commissioner, HR
   100 Gold Street
   New York, NY 10038

3. Jesser Laufer, Trainer
   HPD Office of Enforcement and Neighborhood Services
   100 Gold Street
   New York, NY 10038